**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Saundra J. Hattan, | ) | Civil Action No. 2:21-3519-RMG |
| Plaintiff, | ) | |
| v. | ) | |
| Volvo Car USA, LLC, | ) | **ORDER AND OPINION** |
| Defendant. | ) | |

The matter before the Court is Defendant Volvo Car USA, LLC's ("Defendant") Rule 12(b)(6) motion to dismiss Saundra J. Hattan's ("Plaintiff") Amended Complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 8). For the reasons stated below, the motion to dismiss is denied.

### I.  Background

In this matter, Plaintiff brings a claim for retaliatory discharge pursuant to S.C. Code Ann. § 41-1-80 against Defendant for allegedly terminating Plaintiff after she was injured during the course of her employment and filed a claim under the South Carolina Workers' Compensation Act. (Dkt. No. 6 at ¶ 11). Defendant filed a 12(b)(6) motion to dismiss Plaintiff's sole cause of action on the ground Plaintiff's allegations fail to state a claim upon which relief may be granted. (Dkt. No. 8). The matter is ripe for the Court's adjudication.

### II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests

1

surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.     Discussion

Defendant moves to dismiss Plaintiff's sole cause of action for workers' compensation retaliation brought pursuant to S.C. Code Ann. § 41-1-80. (Dkt. No. 8). The Court will analyze Plaintiff's amended complaint to determine whether the allegations state a plausible claim for relief.

To establish a claim of workers' compensation retaliation pursuant to S.C. Code Ann. § 41-1-80, a plaintiff must establish three elements. Plaintiff must establish (1) the institution of

workers' compensation proceedings; (2) discharge or demotion, and (3) a causal connection between the first two elements. *Hinton v. Designer Ensembles, Inc.*, 540 S.E.2d 94, 97 (S.C. 2000). The determinative factor test requires that the employee establish that he would not have been discharged "but for" the filing of the workers' compensation claim. *Id*.

The amended complaint alleges Plaintiff was injured during the course of her employment on August 13, 2018 and July 1, 2020. (Dkt. No. 6 at ¶ 6). Plaintiff alleges she reported the injures to Defendant and began receiving medical treatment. (*Id.* at ¶ 7). Plaintiff alleges she filed a workers' compensation claim. (*Id.*). Plaintiff alleges that on October 12, 2020, her supervisor told her she was no longer on restricted work even though Plaintiff's doctor placed her on restrictions. (*Id.* at ¶ 8). Plaintiff alleges that on October 14, 2020, she attended an appointment with human resources for a biometric screening for her health insurance plan. (*Id.* at ¶ 9). Plaintiff alleges that on October 15, 2020, Defendants terminated her on the ground she abandoned her work station and had defects in production. (*Id.* at ¶ 10). Plaintiff alleges that the reason given for her termination was pretext as Defendant terminated Plaintiff for instituting a proceeding and asserting rights under the South Carolina Workers' Compensation Act after receiving on the job injuries. (*Id.* at ¶¶ 10-13).

Defendant sets forth several arguments as to why Plaintiff fails to state a claim for relief. For example, Defendant argues the allegations fail to establish causation because the timing of events is too remote to give rise to an inference of retaliation based on temporal proximity. (Dkt. No. 8 at 5) (citing *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 232 (4th Cir. 2006) (holding that three to four months between the termination and protected activities is too long to establish a causal connection)). In addition, Defendant argues that Plaintiff's allegations cannot otherwise establish causation that "but for" her workers' compensation claim she would not have

been terminated. (*Id.* at 6-11) (arguing Plaintiff alleges a mixed-motive retaliation claim that Defendant terminated her based-on production defects and abandoning her position that is insufficient to establish "but for" causation).

The Court finds that Defendant's arguments test the legal sufficiency of the amended complaint and challenge the merits of Plaintiff's alleged causation. Upon a careful review of the amended complaint, the Court finds the allegations state a short and plain workers' compensation retaliation claim pursuant to S.C. Code Ann. § 41-1-80 that rises above the speculative level and states a plausible claim for relief. Fed. R. Civ. P. 8(d)(1).

## IV.   Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's amended complaint (Dkt. No. 8) is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 6, 2022
Charleston, South Carolina